J-A26017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FIRST NATIONAL BANK OF PA, FORMERLY KNOWN AS LEGACY BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALVIN AND ANNA ROMAN | |
| Appellants | No. 135 MDA 2014 |

Appeal from the Judgment Entered April 24, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 5027 of 2007

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                    **FILED NOVEMBER 20, 2014**

Appellants, Alvin and Anna Roman (the Romans),[1] appeal from the April 24, 2014 judgment entered in favor of Appellee, First National Bank of PA (First National), in the amount of $176,109.56 on its action to conform its confession of judgment against Alvin Roman (Roman).  After careful review, we affirm.

---

[1] While Anna Roman is nominally a party to this appeal, we note that the trial court order that is the subject of the instant appeal entered a verdict against only Alvin Roman.  Trial Court Order, 12/19/13, at 4.  The trial court previously, on November 7, 2011, entered default judgment in favor of First National and against Anna Roman for $176,109.56.  Trial Court Order, 11/7/11, at 1.  On November 9, 2011, First National filed a praecipe for the entry of default judgment in accordance with that order, and the prothonotary entered judgment.  Trial Court Entry of Judgment, 11/9/11, at 2.  Anna Roman did not appeal that judgment.

We summarize the factual and procedural history of this case as follows. On April 6, 2006, Roman executed a promissory note in his capacity as president of No. 1 Contracting Corporation (No. 1 Contracting) in favor of First National. Trial Court Opinion, 12/19/13, at 1.[2] Roman also personally guaranteed the loan made by First National to No. 1 Contracting. *Id.* This personal guarantee contained a separate warrant of authority to confess judgment, which Roman signed in his individual capacity. *Id.* at 2. Upon the execution of the promissory note and personal guarantee, First National tendered the proceeds of the loan of $150,000.00 to No. 1 Contracting.

The purpose of the loan, as set forth in paragraph 9 of the promissory note, was to enable No. 1 Contracting "to pay a subcontractor (US Seal, Inc.) for work performed while the company waits to collect on its receivable with Allen Myers, Inc." *Id.* at 1 (quoting April 6, 2006 promissory note). In accordance, No. 1 Contracting, at the direction of Roman, applied the net proceeds of $149,454.00 from the First National loan to an account of US Seal, Inc. *Id.* at 2.

No. 1 Contracting defaulted on the $150,000.00 loan after making some interest payments on the loan. *Id.* As of the filing of the confession of judgment on May 10, 2007, No. 1 Contracting owed First National $176,109.56. *Id.*

_____

[2] We rely on the trial court's findings of fact because the Romans have not requested that the trial transcript be made part of the certified record.

On May 10, 2007, First National exercised the warrant of authority provision of the personal guarantee and confessed judgment against Roman individually. First National's Confession of Judgment, 5/10/07, at 1. On June 17, 2010, First National filed a complaint to conform confessed judgment. First National's Complaint, 6/17/10, at 1. The case proceeded to a nonjury trial in July 2013. On December 19, 2013, the trial court issued an opinion and order finding Roman personally liable to First National for $176,109.56. Trial Court Opinion, 12/19/13, at 3.

On January 6, 2014, the Romans filed an untimely motion for post-trial relief incorrectly captioned as a motion for reconsideration.[3] On January 17, 2014, the Romans filed a notice of appeal.[4]

_____

[3] The motion for reconsideration indicated that it was filed pursuant to Rule 227.1 of the Pennsylvania Rules of Civil Procedure. Rule 227.1(c)(2) provides that "[p]ost-trial motions shall be filed within ten days after … the filing of the decision in the case of a trial without jury." Pa.R.C.P. 227.1(c)(2). Here, the trial court filed its decision on December 19, 2013, and the prothonotary mailed notice of the decision to the parties in accordance with Rule 236 on December 20, 2013. Accordingly, Roman had ten days from December 20, 2013 to file timely post-trial motions. Thus, the post-trial motions filed on January 6, 2014 were untimely as they were filed 17 days after the prothonotary mailed notice of the trial court's decision. First National did not object to the post-trial motions as untimely filed. The trial court denied the pending post-trial motions on April 10, 2014. Trial Court Order, 4/10/14, at 1.

[4] The Romans timely complied with Rule 1925 of the Pennsylvania Rules of Appellate Procedure by filing a Rule 1925(b) statement on February 21, 2014. The Romans' Rule 1925(b) Statement, 2/21/14, at 1. The trial court, however, did not issue a 1925(a) opinion. In light of our disposition, we need not remand for a trial court opinion.

*(Footnote Continued Next Page)*

On appeal, the Romans raise the following issues for our review.

   A)   Should not the [trial] court have concluded that since a fraud was commit[t]ed prior to the notes being signed that said notes are void *ab initio* and were based on major and material misrepresentations of [First National?]

   B)   Should not the [trial] court have ruled that because of the major and material misrepresentations by a representative of [First National] that there was not a valid and binding contract between the parties and therefore no personal guarantees existed and said guarantees are invalid due to the fraudul[e]nt actions of [First National?]

Romans' Brief at 6.

We begin by noting our scope and standard of review in an appeal from a non-jury verdict.

   Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

Moreover, the Romans' notice of appeal was premature because it was filed before the entry of judgment. **See** Pa.R.A.P. 301(c) (stating, "a direction by the lower court that a specified judgment, sentence or other order shall be entered, unaccompanied by actual entry of the specified order in the docket, does not constitute an appealable order. Any such order shall be docketed before an appeal is taken[]"). By *per curiam* order dated April 17, 2014, this Court directed the Romans to praecipe for entry of judgment with the trial court prothonotary. The Romans complied on April 24, 2014, and judgment was entered. Thus, we now have jurisdiction over this appeal pursuant to Rule 905(a)(5), which provides that "a notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Pa.R.A.P. 905(a)(5).

trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.

*Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co.*, 860 A.2d 547, 549-550 (Pa. Super. 2004) (citations and quotation marks omitted).

It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

*Hollock v. Erie Ins. Exch.*, 842 A.2d 409, 414 (Pa. Super. 2004) (citations and quotation marks omitted).

Here, the central issue raised by both of Roman's issues on appeal is the factual contention that First National made "major and material misrepresentations," which voids the promissory note and the personal guarantee. Romans' Brief at 6. Specifically, Roman asserts First National represented that U.S. Seal had inadequate capital on deposit with First National and would need additional capital to fulfill payroll requirements. *Id.* at 10. First National purportedly represented that the payroll requirements for the job would be approximately $150,000.00. Roman contends this was

a misrepresentation because exhibit D-6 supposedly established that only $65,982.00 was needed for the payroll, not $150,000.00 as represented by First National. *Id.* at 10-11. The trial court's opinion stated "[b]ased upon the credibility of the witnesses, the [c]ourt does not find that [First National] through its representatives made any misrepresentations to Alvin J. Roman or any representatives of No. 1 Contracting Corporation." Trial Court Opinion, 12/19/13, at 2. Roman asks this Court to review this factual finding. Romans' Brief at 10.

After careful review of the record, we have determined that Roman has waived his issues on appeal for his failure to ensure a transcript of the trial was included in the certified record. Without a full and complete certified record, this Court cannot conduct a meaningful review of issues raised on appeal. *Commonwealth v. Preston*, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). "Our law is unequivocal that the responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." *Id.* The certified record is comprised of "[t]he original papers and exhibits filed in the lower court, paper copies of legal papers filed with the prothonotary by means of electronic filing, the transcript of proceedings, if any, and a certified copy of the docket entries prepared by the clerk of the lower court …." Pa.R.A.P. 1921.

As the note to Rule 1921 explains, Rule 1931 provides a safeguard against waiver for lack of a complete certified record. *Id.* at 1921 Note. Rule 1931(d) directs the clerk of the trial court to provide the appellant with a copy of the list of record documents. Pa.R.A.P. 1931(d). If, upon review of this list, the appellant discovers material has been omitted from the certified record, Rule 1926 establishes processes to correct any omissions by obtaining a supplemental certified record. *Id.* at 1926(b). "However, this does not alter the fact that the ultimate responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant and not upon the appellate courts. Pa.R.A.P. 1931." *Preston*, *supra*.

Under Rule 1911(a), it is solely the appellant's duty to order and pay for any transcript necessary to permit the resolution of the issues raised on appeal. Pa.R.A.P. 1911.[5]

---

[5] **Rule 1911.  Request for Transcript**

> **(a) General rule.**  The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 5000.1 et seq. of the Pennsylvania Rules of Judicial Administration (court reporters).
>
> …
>
> **(d) Effect of failure to comply.**  If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial

*(Footnote Continued Next Page)*

> When the appellant … fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review. [***Commonwealth v.*** ]***Williams***, 715 A.2d [1101,] 1105 [(Pa. 1998)]. It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts. ***Id.***

***Preston***, ***supra***.

Our review of the certified record reveals that Roman has failed to request the trial transcripts be made part of the certified record in accordance with Rule 1911.  Roman was on notice that the transcript was not part of the certified record when the trial court prothonotary mailed Roman the copy of the list of record documents pursuant to Rule 1931(d). The transcript of the July 2013 trial court hearing is missing from the list of record documents.  Pa.R.A.P. 1931 List, 3/31/14, at 6.  Despite this omission, Roman took no action to make the transcript part of the certified record.

Absent said transcript, we cannot meaningfully review whether the record supported the trial court's determination that First National's

*(Footnote Continued)* ———————

> Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911.

representatives did not make misrepresentations to Roman to induce him to enter the promissory note or personal guarantee. *See Amerikohl Mining*, *supra*. Accordingly, we deem Roman's issues waived for his failure to supply the transcripts necessary for our review of his issues. *See Preston*, *supra*.

Based on the foregoing, we conclude that both of the Romans' claims on appeal are waived.[6] Accordingly, we affirm the trial court's April 24, 2014 judgment.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2014

---

[6] First National also argues in its brief that Roman waived his claims because he did not file post-trial motions, and he did not file a designation of contents of the reproduced record. First National's Brief at 6-9. Given our conclusion that Roman's issues are waived for his failure to supply transcripts, we need not address First National's remaining waiver issues.